UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| BENJAMIN COXON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV425-055 |
| | ) | |
| UNITED STATES ATTORNEYS, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

*Pro se* plaintiff Benjamin Coxon has filed a Complaint. *See* doc. 1. He has also moved to proceed *in forma pauperis*. Doc. 2. The Court is satisfied with his representation that he lacks sufficient funds to pay the required filing fee. His Motion is, therefore, **GRANTED**. Doc. 2. The Court proceeds to screen his Complaint, pursuant to 28 U.S.C. § 1915(e). His Complaint should be **DISMISSED** as frivolous. Doc. 1.

Coxon's Complaint is impossible to understand. It includes no discernable factual allegations. *See, e.g.,* doc. 1 at 5 ("Each act of each person [was and is] under color of custom as each person [was and is] of [time, location and generation]."). At one point, Coxon does suggest that he "intends to file at a [United States District Court or Court of the

1

United States] [at least] one more similar [pleading and court case] including more detailed descriptions of violations of laws of the United States . . . ." *Id.* at 7. The Complaint refers to multiple statutes and the First Amendment, but without any disceranable claim. *See, e.g., id.* at 4 (referring to civil actions "arising under United States Code Title Twenty-Eight Section 452, 459, 509, United States Code Title Forty-Two Sections 1983, 1987, and the First Amendment to the Constitution of the United States."). It also does not seek any meaningful relief. *See id.* at 13 (requesting that "Party 5," previously identified as "The Government of the United States," "immediately cause people immediately abstain from causing violating of [a law or laws] of the United States against," him).

The Supreme Court has held that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In the absence of any factual allegations, the Complaint is obviously deficient. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."). Moreover, with one exception, the statutes cited are either irrelevant or

do not provide any private right of action. *See* 28 U.S.C. §§ 452 ("All courts of the United States shall be deemed always open for the purpose of filing proper papoers, issuing and returning process, and making motions and orders," irrespective of the "expiration of a session of a court"), 459 ("Each justice or judge of the United States may administer oaths and affirmations and take acknowledgements."), 509 (establishing the authority of the United States Attoreny General); 42 U.S.C. § 1987; *see also, e.g., Carpenter v. Ashby*, 351 F. App'x 684, 687 (3d Cir. 2009) ("On its face, § 1987 does not authorize a private right of action. And [Plaintiff] points to no authority suggesting that § 1987 implicitly authorizes a private right of action."). While 42 U.S.C. § 1983 provides a private right of action for violations of constitutional rights, the lack of factual allegations and the fact that all of the named defendants appear to be federal, not state, actors would doom any discernable claim. *See, e.g., Hidman v. Healy*, 278 F. App'x 893, 895 (11th Cir. 2008) ("Section 1983 does not apply to federal actors acting under color of federal law.").[1]

---

[1] While the Supreme Court has recognized an implied cause of action against federal actors for violations of federal rights, it is extremely limited. *See, e.g., Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017). The Supreme Court has never extended that implied cause of action to First Amendment claims. *See, e.g., Reichle v. Howards*, 566 U.S. 658, 663 n. 4 (2012). Thus, even supposing that Coxon alleged any facts, and

Since Coxon's Complaint does not present either a factual or legal basis for any claim, it is frivolous.

Accordingly, Coxon's Complaint should be **DISMISSED** as frivolous. Doc. 1; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

---

asserted some violation of his First Amendment rights by any of the named defendants, it is unclear, at best, whether such a claim even exists.

4

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 18th day of March, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA